## BERMUDEZ vs. BERMUDEZ.

THE plaintiff had procured a writ of *habeas*

*corpora* against his wife, for his two sons and <span>Spring 1812.</span>
daughter.                                          1. District.

Bermudez.
*vs.*
Bermudez.

ABOUT eight or nine years ago, he was under
the necessity of visiting the internal provinces of
Spain near Louisiana, and was imprisoned on an
alledged breach of their laws; and several years
elapsed before he could return to New-Orleans,
his place of residence. He had left the whole of
his effects with his wife, for her support and that of
their children, and had directed, besides, the pay-
ment of a monthly allowance to her; and during
his captivity and absence, had taken measures for
the disposal of a tract of land near the city, and
the application of as much of the proceeds as would
appear needful, to the wants of the family.

ON his return, the lady, who lived in her bro-
ther's house, declined returning, or sending the
children, to her husband.

SHE brought the children into Court, in obe-
dience to the writ, declared her readiness to sub-
mit to its order, but insisted on her right to retain
her children, especially the girl, who appeared to
be about eleven years, to whom, in her judgment,
the cares and attentions of a mother were more
necessary than those of a father.

THE Court asked her, why she had refused re-
turning to her husband—she answered, she had
reasons which she declined giving.

SPRING 1812.
I. District.

BERMUDEZ
*vs.*
BERMUDEZ.

SHE was farther asked, whether she had any grounds of complaint against him—whether she judged him to want the ability or disposition, to educate the children well—or whether she could alledge any instance of misconduct in him, which it might be improper that the children should witness? She answered all these questions in the negative.

*By the Court.* The paternal house is the proper residence of the family. If the wife chuses to absent herself from it, without offering to the Court any reason therefor, the Court will presume that none exist. *De non apparentibus et non existentibus, eadem est lex.* In such a case, they must consider her as the faulty parent.

THE father is the master of the family. His authority, as to its civil force, is founded in nature, and the care which it is presumed he will have of their education. While his conduct is proper, the Court cannot interfere with his authority, and will cause it to be respected.

THE mother, however, is not without her rights. If she be compelled to live separated from him, on account of ill treatment—if, from his conduct, she can shew that the children are not likely to receive a proper education, or that it will be a dangerous example to them, the Court will afford

their aid to her solicitude, especially in regard to the daughters, and deprive the father of a power which it is likely that he will abuse. For the irght of the community to superintend the educa- tion of its members, and disallow what, for its own security and wellfare, it sees good to disallow, goes beyond the right and authority of the father. *Blisset's case, Lofft's Reports,* 748-749.

THE Court orders that the plaintiff's sons and daughter be delivered to him.